### FOX TYPEWRITER CO. v. UNDERWOOD TYPEWRITER CO.

(Circuit Court of Appeals, Sixth Circuit. June 8, 1915.)

No. 2586.

PATENTS ⪰328—VALIDITY AND INFRINGEMENT—TYPEWRITING MACHINE.

    The Stickney patent, No. 811,183, for a type-bar cushion for typewriters, upon which the type bars rest when in normal position, and consisting of a casing filled with sand or other yielding and nonresilient material, was not anticipated and discloses patentable novelty and invention; also the invention *held* not abandoned, and the patent infringed as to claims 1, 2, 3, 6, 7, and 8, and not infringed as to claims 9 and 10.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Suit in equity by the Underwood Typewriter Company against the Fox Typewriter Company for infringement of letters patent No. 811,-183, for a typewriting machine, granted to B. C. Stickney January 30, 1906. Decree for complainant, and defendant appeals. Affirmed.

F. L. Chappell, of Kalamazoo, Mich., for appellant.

Arthur V. Briesen, of New York City, for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SATER, District Judge.

PER CURIAM. This was a suit for alleged infringement of a patent. The patent was sustained, infringement found, and the usual

reference made. The nature of the invention and the facts involved sufficiently appear in the opinion of the District Court; and the opinion, for the reasons there stated, is approved and adopted. The opinion appears below.

The decree is accordingly affirmed with costs.

NOTE.—The following is the opinion of Sessions, District Judge, in the trial court:

SESSIONS, District Judge: Complainant's bill is the usual one in patent suits, alleging infringement and asking an injunction and accounting. The asserted defenses are: First, invalidity of the patent for lack of invention, or because of the anticipation of the invention if any exists; second, noninfringement; and, third, abandonment of the invention by the inventor. A correct understanding of the questions presented requires at least a brief examination of the letters patent. In the specifications the patentee says:

"This invention relates, primarily, to typewriting machines in which radially disposed type bars are arranged about a common printing point, and move one at a time to the printing position. These type bars, especially in 'front-strike' machines, are often closely arranged, so that in rapid operation there is liability of clashing, due largely to the fact that the type bars are apt to rebound from the basket or cushion upon returning to normal position, thus getting into the path of a subsequently operated type bar. The principal object of my invention, therefore, is to minimize the liability of the type bars to rebound in this manner. * * * The type bars normally rest in contact at their type ends with a flexible ring or segment, consisting of a casing of some flexibility and preferably tough and inelastic, filled with sand or other force-absorbing material, although in some cases the casing need not be entirely filled by the material.

"The device may be supported in any suitable way, preferably upon inturned fingers, formed at the lower edge of a thin stiff sheet metal ring or band, the latter being hung upon rods, attached to the top plate or otherwise supported. In front-strike machines the member (metal ring or band) may be in the form of a segment and in some cases may be omitted. The device being flexible, yields more or less at the impacts of the type bars, and owing to this yielding movement some of the adjacent and opposite type bars are jarred, thereby taking up much of the force of the blow and minimizing the reaction of the parts, so that it does not tend to throw the type bar back with force, the tendency of the same to rebound being lessened, while owing to the inelastic character of the filling the force of the original blow of the type bar is still further absorbed, particularly because the filling is incased in soft, inelastic material, so that the bar upon striking the basket may possibly drive slightly past its normal position, but will not rebound to the extent of causing it to clash with a subsequently operated type bar. This enables the operation of the machine at high speed without danger from this source.

"The curved frame or ring is substantial and protects the cushion from injury. It also prevents undue displacement of the cushion. Preferably a narrow space is left between the ring or segment and the inner member, so as to allow slight freedom of movement of the latter. During such movement there may be more or less friction between the cushion and the fingers or shelves whereon it is supported, thereby further tending to absorb the force of the type bar blows. The filled or partly filled casing is flexible and inelastic, rendering it desirable for a type basket, either with or without the stiff ring or segment."

The ten somewhat redundant claims here in issue are as follows:

"1. In a typewriting machine, the combination with a series of type bars of a rest therefor consisting of inelastic material confined within a casing of inelastic pliant material."

"2. In a typewriting machine, a type bar rest consisting of a casing and sand contained therein."

"3. In a typewriting machine, a curved type bar rest consisting of a casing of pliant material and a filling of granular material."

"6. In a typewriter, a cushion constructed of a yielding sheath and a yielding and nonresilient filling, producing a pad that is absorbent of the energy of the blow struck by the type bar, and nonresilient under said blow."

"7. In a typewriter, a yielding, inelastic cushion to support the type bars in their normal position, consisting of a sheath and a filling made of finely divided material."

"8. A type-bar cushion comprising a yielding striking surface and an inherently nonresilient shock-absorbing medium beneath the striking surface."

"9. A type-bar cushion, comprising a yielding striking surface and an inherently nonresilient shock-absorbing medium beneath the striking surface and movably supporting the same."

"10. A type-bar cushion, comprising a striking surface or facing of yielding material, said material being sufficiently yielding to prevent sudden arrest and consequent rebound or springing of the type bars, and a nonresilient shock-absorbing backing for said facing, said backing being sufficiently nonresilient to absorb the energy of the returning type bars, and being also movable, so that both the facing and the backing may be displaced by the impacts of the type bars; said cushion being sufficiently yielding and nonresilient to prevent injurious rebounding of the type bars therefrom."

"11. A type-bar cushion, comprising a yielding facing of tough material, said facing being inelastic and pliant, and a yielding, inelastic, shock-absorbing backing; said cushion being sufficiently yielding, inelastic, and shock-absorbing to prevent injurious rebounding of the type bars."  * * *

## Invention.

"In the light of accomplished results" an inelastic casing or sheath filled with sand, shot, or other granular material seems like a simple and obvious device to prevent the rebounding of the type bars of a typewriter; but the inventor of this device did not have the benefit of present-day knowledge to guide him in his search for the thing desired. This record shows that, prior to Stickney's discovery, many men had vainly sought in many different ways to accomplish what he actually accomplished in and by his apparently simple contrivance. Cushions or pads of various forms and shapes, and made of felt, leather, lead, rubber, and other materials, had been tried, and all had proved more or less unsatisfactory. The defendant itself has made many experiments extending over a long period of time in its attempt to supply a recognized want. Of those working in this field, Stickney and Baxter alone, so far as appears, conceived the idea which is embodied and put into practice in this invention, and, in the Patent Office proceedings, Baxter conceded priority of invention to Stickney. These facts, among others, coupled with the presumptions arising from the allowance of the patent, preclude a finding that the patented device is devoid of novelty and that the patent does not involve invention.

## Infringement.

The decision upon the question of infringement hinges upon the construction to be given to the several claims of the patent. This does not mean whether a liberal or a narrow construction shall be given to the claims, but rather whether the complainant's or the defendant's interpretation shall be adopted. Complainant contends that each of the claims contains two and only two elements: (1) A pliant and non-elastic casing; and (2) a filling of granular shock-absorbing material. While the defendant insists that to these two a third element must be added, viz.: A mounting for the cushion which will permit it to move or yield bodily and as a whole under the impact of the returning type bars. If complainant's contention be sustained, it is conceded that infringement exists. On the other hand, if defendant's construction be adopted, it is manifest that there is no infringement, because defendant's cushion is solidly cemented to its support, and therefore is incapable of bodily movement as a whole.

A most cursory examination of the claims in issue will make it apparent that the third element, upon which defendant insists, cannot be found in any of the first three claims and cannot be read into any of the others, except the ninth and tenth, without doing violence to the plain and unambiguous

language employed. Nor does the specification of the patent give any aid to defendant's theory. It is true that, in the description of his structure, the inventor had expressed a preference for a support or mounting for the cushion that will permit the latter to yield or move bodily and as a whole; but he has also stated that "the device may be supported in any suitable way," thereby expressly refusing to place any such limitation thereon as is contended for by defendant. It is certain that claim 4, which is not in issue, was framed with reference to and was based upon the preferred structure described in the specification, and it is more than probable that claims 9 and 10, which are in issue, were intended to cover the preferred device. The term "yielding," in some of the other claims, clearly refers either to the casing or to the filling, and not to the type-bar rest as a whole. It follows that claims 9 and 10 are not infringed, and that the other claims in suit are infringed.

### Abandonment.

Mr. Stickney, the patentee, was a witness for complainant. He testified that in the years 1897 and 1898 (more than two years prior to his application for the present patent), and while he was in the employ of one Auerbach, he made three model typewriters, each of which contained a sand cushion type-bar rest. He further testified that the first model "was put on the shelf," that the second was left with his employer, and that he did not know what became of the third, and that all three "were models containing many experimental things, and were not perfected to a state to be put on the market." Mr. Stickney does not explain very satisfactorily his long delay in making application for this patent, but, under the authorities, his testimony falls far short of establishing an abandonment of his invention.

A decree will be entered in favor of complainant except as to claims 9 and 10; an injunction will be granted and the accounting will be referred to John S. Lawrence, master in chancery. Complainant will recover its costs of suit to be taxed.