## FOX TYPEWRITER CO. v. UNDERWOOD TYPEWRITER CO.

(Circuit Court of Appeals, Sixth Circuit.    March 6, 1923.)

### No. 3699.

Patents ☞319(1)—Rule of reasonable royalty held to be applied.

For infringement of sand-filled shock-absorbing type rest cushions for typewriters, profits by infringer to which complainant was entitled *held* to be fixed under the rule of reasonable royalty; the sand cushions being sold as part of the finished typewriters, though a few were sold for purpose of making repairs.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Action by the Underwood Typewriter Company against the Fox Typewriter Company. Decree for plaintiff, and defendant appeals. Affirmed.

Fred L. Chappell, of Kalamazoo, Mich. (Chappell & Earl, of Kalamazoo, Mich., on the brief), for appellant.

Hans v. Briesen, of New York City (Briesen & Schrenk and Fred A. Klein, all of New York City, on the brief), for appellee.

Before DONAHUE, Circuit Judge, and COCHRAN and PECK, District Judges.

PER CURIAM. Appeal from a final decree awarding plaintiff $8,991.79 as defendant's profits upon 54,828 sand-filled shock-absorbing type rest cushions for typewriters at the rate of 16.4 cents per cushion. This court has previously (224 Fed. 489, 140 C. C. A. 197) affirmed the interlocutory decree of the District Court (224 Fed. 490, 140 C. C. A. 197) holding the patent valid and infringed, and no questions except such as arise upon the accounting are now open.

The master, who found defendant's profits to have been as stated, also found that a reasonable royalty would have been 25 cents each on 27,414 typewriters sold; every one being equipped with two of the infringing sand cushions. On this basis plaintiff's recovery would be $6,850.50. The District Court rejected the reasonable royalty rule, as based upon the testimony of a witness whom it considered qualified as

---

a mechanical expert, but not so as to royalties. It also doubted whether the reasonable royalty rule could be applied in any case where compensation might be awarded on other grounds. It decreed the allowance of the sum found to be defendant's profit, from which defendant appeals.

In arriving at the defendant's profits, the master took as the basis the average price of 27.8 cents each at which a comparatively few sand cushions had been sold to dealers for the purpose of making repairs, and deducted therefrom the proven cost of manufacture, 7.9 cents plus that of assembling, ½ cent, plus also the cost of selling and shipping, which he assumed should be taken at 3 cents, making a total cost of 11.4 cents, thus arriving at a net profit of 16.4 cents per cushion. The rule of Mason v. Graham, 23 Wall. 261, 23 L. Ed. 86, was applied, and the conclusion accordingly drawn that each sand cushion put into and sold as part of a finished typewriter resulted in the same profit. But it is apparent that the master's assumption that the selling and shipping expense was 3 cents per cushion was based on no evidence except general information as to the character of the article itself and of the business conducted. That there was no direct evidence of this item of the cost the master stated, and remarked:

"But, after all, there is nothing to be considered in this connection, other than the value of some wrapping paper and a bit of string and a cent or two of postage."

It would seem, however, that the sand cushions should bear their just proportion of the selling and advertising expense of the typewriter as a whole. The record does show that the amount spent for selling and advertising from year to year was about one-fifth or one-sixth of the total proceeds of sales. Furthermore, the sales of a few sand cushions for repair purposes hardly give a reliable index as to the profits actually realized from those cushions which were sold as parts of machines. Under the circumstances of this case the rule of reasonable royalty is to be preferred as giving a more nearly correct approximation of the advantage which the defendant enjoyed by the infringement. Dowagiac Mfg. Co. v. Minnesota-Moline Plow Co., 235 U. S. 641, 35 Sup. Ct. 221, 59 L. Ed. 398; U. S. Frumentum Co. v. Lauhoff, 216 Fed. 610, 132 C. C. A. 614.

The testimony of the witness Campbell, called as an expert in this regard, was not incompetent. True, he was a mechanical engineer who had devoted all his working life to typewriters; but he had also been 7 years in charge of the repair department of a typewriter concern in Boston, superintendent of the Franklin Typewriter Company at New York, and not only superintendent, but treasurer and general manager, of its successor, the Victor Company. No objection to his competency appears in the record. His estimate of 25 cents per machine does not seem to be unreasonable, but, on the contrary, appears to be sustained by the other evidence in the case. The defendant offered no evidence to the contrary. It is concluded that the award on the royalty basis, as determined by the master, should have been adopted.

Appellant contends that other forms of type rest cushions were available, and that plaintiff should be allowed only such sum as represents

the value of the advantage over the use of such forms secured by adopting the plaintiff's cushion, citing Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799, 36 L. Ed. 609. But the evidence does not show that there was another satisfactory cushion, and, furthermore, the rule of reasonable royalty is, of course, predicated upon the advantage of the patented invention over other available types. The adoption of that rule also renders it unnecessary to consider the assignment that the master failed to include interest on plant investment as part of cost in arriving at profits.

The case, therefore, is remanded to the District Court, with instructions to modify the decree by ordering the defendant to pay the plaintiff $6,850.50 as reasonable royalty, with interest from July 17, 1919, instead of $8,991.79 as profits, and that in all other respects the decree be

Affirmed.